**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **PATRICIA L. GILBERT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 14-2377-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's consideration of Dr. Rettinger's treating opinions, the court ORDERS that the final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

## I. Background

Plaintiff applied for DIB and SSI benefits, alleging disability beginning April 15, 2008. (R. 15, 220). Plaintiff exhausted proceedings before the Commissioner, and now

seeks judicial review of the final decision denying benefits. Plaintiff argues that the Administrative Law Judge (ALJ) erred in weighing the medical opinions of Dr. Rettinger; failed to make specific findings in the three phases of her step-four evaluation; and improperly rejected the credibility of Plaintiff's allegations of symptoms resulting from Plaintiff's impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the Commissioner failed properly to explained her consideration of Dr. Rettinger's treating source opinions. Plaintiff's assertion that remand for immediate award of benefits is the proper remedy in this case is not supported by developed argument or by citation to legal authority, and is not credited by the court. On remand, she may make further arguments regarding alleged errors in the ALJ's RFC assessment, credibility determination, and step four evaluation.

## II. Discussion

After the ALJ denied Plaintiff's applications, Plaintiff sought review by the Appeals Council, and submitted additional evidence for the Council's consideration. (R. 7-11, 317-19, 520-30). The Appeals Council received the additional evidence, made it a part of the administrative record in this case, and considered that evidence when deciding whether to review the ALJ's decision. (R. 1, 5). The Council found that the additional evidence "does not provide a basis for changing the Administrative Law Judge's decision" (R. 2), and denied Plaintiff's request for review. (R. 1).

The evidence before the ALJ included a medical source statement completed on September 20, 2007 by Dr. Rettinger, Plaintiff's primary care physician, and the ALJ considered and evaluated Dr. Rettinger's opinion. (R. 21, 517-19). The ALJ recognized that Dr. Rettinger was Plaintiff's primary care physician, that he opined Plaintiff would need to take off work intermittently or work less than a full schedule, and that between August 20, 2007 and August 19, 2008 Plaintiff would be incapacitated one to two times a month for two to three days each time. Id. at 21. The ALJ accorded Dr. Rettinger's opinions "very little weight," because they were "inconsistent with the weight of the evidence," covered a duration that was less than a year, and applied to a period of time that included only four months after Plaintiff's alleged onset date of disability. Id.

Dr. Rettinger's opinion which was provided to the Appeals Council was dated June 14, 2013, about five and one-half months after the ALJ issued her decision. (R. 520, 521, 527). In his opinion, Dr. Rettinger summarized the history of Plaintiff's back pain, and her treatment from September 2007 through June 2013. Id. 520-21. He opined that Plaintiff is "limited to working up to four hours per day, performing two hours of activity at a time, during which she is allowed to alternate positions, followed by 1-2 hrs. of inactivity and elevation of her lower extremities," id. at 521, and that Plaintiff can lift less than ten pounds either occasionally or frequently, can walk and/or stand less than two hours in a workday, can sit less than six hours in a workday, and can never perform any postural activities except that she may occasionally climb ramps and stairs, that she is limited in reaching in all directions, and that she must avoid concentrated exposure to

humidity and noise; moderate exposure to wetness and vibration; and all exposure to extreme cold or heat, hazards, and fumes, odors, dusts, gasses, poor ventilation, etc. (R. 522-26).

Plaintiff argues that the ALJ's evaluation of Dr. Rettinger's September 2007 opinion is erroneous, and that the Commissioner failed to consider Dr. Rettinger's June 14, 2013 opinion or state why it supports her denial of benefits. She then explains how, in her view, the evidence supports and is consistent with Dr. Rettinger's opinions. The Commissioner argues that the ALJ reasonably weighed the medical evidence, including Dr. Rettinger's 2007 opinion, and the Appeals Council considered the 2013 opinion "but found that it did not provide a basis for changing the ALJ's decision." (Comm'r Br. 6). She argues therefore, that Plaintiff's assertion that the 2013 opinion was not considered by the Commissioner should be rejected, and because that opinion was made after the ALJ's decision, it is less persuasive.

The issue is whether the Commissioner properly considered and weighed Dr. Rettinger's opinions, and those opinions include a letter opinion presented for the first time to the Appeals Council after the ALJ issued her decision. Yet, neither party's argument specifically discusses or explains the standard applicable to the court's review of the Commissioner's consideration of new evidence presented for the first time to the Appeals Council after the ALJ's decision. Plaintiff comes the closest, by quoting Judge Crow's statement that such "evidence will be considered by the district court in its review of the Commissioner's decision." (Pl. Br. 4) (quoting Linder v. Astrue, No. 09-1210-

SAC, 2010 U.S. Dist. LEXIS 99991 at *9 (D. Kan. Sept 22, 2010) (citing Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003); and O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994)) (bolding omitted).

The Tenth Circuit has interpreted the regulations, and decided that when the Appeals Council accepts new, material, and chronologically relevant evidence, that evidence becomes a part of the administrative record which must be considered by a court when reviewing the final decision. O'Dell v. Shalala, 44 F.3d 855, 858-59 (10th Cir. 1994). Thereafter, the Tenth Circuit determined that even when the Appeals Council does not specify whether the evidence submitted to it qualifies as new, material, and chronologically relevant evidence, if the Council makes the evidence at issue a part of the administrative record, the court will interpret that action "as an implicit determination" that the evidence is "qualifying new evidence," and will consider it in reviewing the Commissioner's decision. Martinez v. Barnhart, 444 F.3d 1201, 1207 (10th Cir. 2006).

That is what happened here. As noted above, the Appeals Council received the additional evidence, issued an order making it a part of the administrative record in this case, and considered that evidence when deciding whether to review the ALJ's decision. (R. 1, 5). The court finds that the Appeals Council determined the additional evidence, including Dr. Rettinger's opinions dated June 14, 2013, was new, material, and chronologically relevant evidence. Therefore in accordance with O'Dell and Martinez, the court will consider that evidence in reviewing the Commissioner's decision.

A treating source's opinion may be worthy of controlling weight, but if not, it is nonetheless worthy of deference and will be weighed in accordance with certain regulatory factors. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing 20 C.F.R. §§ 404.1527 and 416.927, and Soc. Sec. Ruling (SSR) 96-2p). After considering the factors, the ALJ must give reasons in the decision for the weight he gives the opinion. Id. 350 F.3d at 1301. Nonetheless, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

The ALJ gave Dr. Rettinger's 2007 opinions "very little weight," because they were "inconsistent with the weight of the evidence," covered a duration that was less than a year, and applied to a period of time that included only four months after Plaintiff's alleged onset date of disability. (R. 21). The Appeals Council found that Dr. Rettinger's 2013 opinions "do[] not provide a basis for changing the Administrative Law Judge's decision." (R. 2). As the Martinez court noted, "an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review," but "nothing in the statutes or regulations [] would require such an analysis where new evidence is submitted and the Appeals Council denies review." 444 F.3d at 1207-08. Therefore, the question before the court is whether the ALJ and the Appeals Council

applied the correct legal standard and whether their findings are supported by the record evidence. The court holds that their findings are not supported by the record.

Despite Plaintiff's contrary protestations, by its own terms, Dr. Rettinger's 2007 statement provided that it ended on August 19, 2008, and covered a period of slightly less than one year. (R. 517) ("Duration: 8/21/07 - 8/19/08"). Plaintiff alleged that her disability began on April 15, 2008 (R. 220), so Dr. Rettinger's 2007 opinion applied only to a four-month period after Plaintiff's onset date, May to August 2008. These two reasons given by the ALJ to discount Dr. Rettinger's opinion are supported by the record evidence.

Plaintiff also argues that the ALJ's finding that Dr. Rettinger's opinions are "inconsistent with the weight of the evidence" is erroneous, and the ALJ did not specify the evidence with which the opinions are inconsistent. As Plaintiff argues, the ALJ did not cite the specific evidence she found inconsistent with Dr. Rettinger's opinion. Moreover, there is considerable record evidence discussed by the ALJ which is in fact consistent with Dr. Rettinger's 2007 opinions. There was x-ray evidence of "near complete fusion" of Plaintiff's L5-S1 disc space. (R. 20). Dr. Rettinger's examination on May 28, 2009 revealed "right L5 radiculopathy." Id. There was MRI evidence of "advanced degenerative disc disease at L5-S1," physical examination revealing "positive straight leg raising tests on the right and increased pain with flexion and extension of the lumbar spine," and diagnosis of radiculopathy. (R. 20). The report of the consultative examination ordered by the agency revealed "positive straight leg raising tests bilaterally,

and the ability to heel, toe, and tandem walk about four steps." (R. 21) (emphasis added). The court suspects that the ability to tandem walk only "about four steps" would result in the failure of any field sobriety test administered by any law enforcement officer in the nation. A repeat MRI performed in September, 2012 revealed bilateral L5-S1 neuroforaminal stenosis, right L4-L5 neuroforaminal stenosis, and advanced L5-S1 disc space loss. Id.

The court acknowledges that there is other record evidence that is inconsistent with Dr. Rettinger's 2007 opinions. However, since the ALJ did not explain which evidence she considered to be inconsistent with Dr. Rettinger's opinions or why or how she determined that Dr. Rettinger's opinions "are inconsistent with the weight of the evidence" (R. 21) (emphasis added), the only means whereby the court might determine whether this finding is supported by the record evidence is to weigh the evidence for itself. That it may not do. E.g., Bowman, 511 F.3d at 1272; Hackett, 395 F.3d at 1172. The court does not intend hereby to imply that an ALJ must always cite specific record evidence in support of her findings. But, in a case such as this where the evidence is equivocal, and the decision is not clear, the court may not weigh the evidence or provide a post-hoc rationale to support the ALJ's decision.

Consideration of Dr. Rettinger's 2013 opinions produces the same result. The Appeals Council found his opinions did not provide a basis to change the ALJ's decision, so the court considers whether that finding is supported by the record evidence. For the reasons just discussed, the court cannot credit the ALJ's determination that Dr.

Rettinger's opinion is inconsistent with the weight of the evidence with regard to the 2013 opinions. Moreover, Dr. Rettinger's 2013 opinions contain much more detailed discussion of Plaintiff's treatment, and much better explanation of her limitations than did his 2007 opinion. Even if it were within its duty to reweigh the evidence, the court would be reluctant to prefer the ALJ's evaluation and explanation over the reasoned explanation of an acceptable medical source such as Dr. Rettinger. Lacking a specific reason to discount Dr. Rettinger's opinions, the court must consider whether the opinions provide a basis to change the ALJ's decision, and the answer is that they do.

In summarizing Plaintiff's treatment over time, Dr. Rettinger stated:

> After August 2008 Ms. Gilbert's back pain continued to worsen and in May 2009 she began to have pain radiating from her low back down her right leg beyond her knee. At that time she had a positive right straight leg raise sign at 45 degrees. Additional X-rays and an MRI of her lumbar spine revealed advanced degenerative narrowing at the L5-S1 disc space and continued osteoarthritis and degenerative disc disease.

(R. 520). This summary appeals to and explains much of the record evidence discussed above which supports Dr. Rettinger's 2007 opinions. And, Dr. Rettinger noted the objective medical evidence which supports his opinions. "Radiology studies (x-rays and MRI's) have confirmed that degenerative disc disease (DDD) and osteoarthritis (OA) of the lumbar spine are the sources of her <u>nerve root impingement</u> and chronic, severe, lumbar pain." (R. 523) (emphasis added). Although this evidence and rationale does not necessarily require a finding of disability, it most certainly provides a basis to change the decision and demonstrates the error in the Appeals Council's contrary finding.

Moreover, Dr. Rettinger stated his opinion that Plaintiff is able to perform part-time work:

> It is my firm opinion that since May 2009, and due to predicted worsening of Ms. Gilbert's back pain, Ms. Gilbert should be limited to working up to four hours per day, performing two hours of activity at a time, during which she is allowed to alternate positions, followed by 1-2 hrs. of inactivity and elevation of her lower extremities.

(R. 521). This opinion is consistent with Plaintiff's part-time work at the time of the ALJ hearing and does much to negate the negative impact of the ALJ's findings regarding Plaintiff's daily activities. Clearly, it provides a basis to change the decision, even though it may not require a finding of disability. Remand is necessary for the Commissioner to properly consider and weigh Dr. Rettinger's opinions.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 19th day of November 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**